UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL S. DANIELS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ALAMEDA COUNTY, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-00602-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS AND STRIKE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 54 |

Paul Daniels and Nanette Dillard allege that they were prosecuted by the Alameda County District Attorneys' Office in retaliation for exercising their First Amendment rights. The Court previously granted Defendants' motion to dismiss Plaintiffs' Section 1983 malicious and retaliatory prosecution claim because Plaintiffs had not plausibly alleged that each defendant caused Plaintiffs' prosecution or that there was an absence of probable cause for their prosecution. (Dkt. No. 48.) In response to Plaintiffs' First Amended Complaint, Defendants have again moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) and to strike the state law claims under California Code of Civil Procedure § 425.16, the anti-Strategic Lawsuits Against Public Participation (anti-SLAPP) statute.[1] (Dkt. No. 54.) Having considered the parties' briefs and having had the benefit of oral argument on November 21, 2019, the Court GRANTS Defendants' motion to dismiss without leave to amend. Plaintiffs have failed to cure the pleading defects in their First Amended Complaint.

//

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 7 & 9.)

**DISCUSSION**

Defendants move to dismiss Plaintiffs' claims on multiple grounds. The threshold question, however, is whether Plaintiffs have adequately pled their malicious and retaliatory prosecution Section 1983 claims and cured the pleading defects identified in the Court's prior Order. Because they have not, the Court need not and does not address Defendants' other arguments.

**A. Section 1983 Malicious and Retaliatory Prosecution Claims**

To prevail on a section 1983 malicious prosecution claim a plaintiff must prove that criminal proceedings were instituted with malice, without probable cause, and for the purpose of denying the plaintiff a specific constitutional right. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). The claim "requires 'the institution of criminal proceedings against another who is not guilty of the offense charged' and that 'the proceedings have terminated in favor of the accused.'" *Lacey v. Maricopa Cty.*, 693 F.3d 896, 919 (9th Cir. 2012) (quoting Restatement (Second) of Torts § 653 (1977)). A Section 1983 retaliatory prosecution claim requires a showing of a "'retaliatory motive on the part of an official urging prosecution combined with an absence of probable cause supporting the prosecutor's decision.'" *Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008) (quoting *Hartman v. Moore*, 547 U.S. 250, 265 (2006)).

The Court's prior order examined Plaintiffs' malicious and retaliatory prosecution claims in detail. The claims were dismissed because (1) Plaintiffs had not adequately tied their allegations to misconduct by any particular defendant, and (2) Plaintiffs had not adequately alleged an absence of probable cause. The same defects remain.

**1) Allegations Tying Defendants to the Prosecution**

To state either a malicious or retaliatory prosecution claim, Plaintiffs must allege facts that support a plausible inference that each defendant "improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004); *see also Beck*, 527 F.3d at 865 (holding that a retaliatory prosecution claim requires a showing of a

2

"retaliatory motive on the part of an official urging prosecution combined with an absence of probable cause supporting the prosecutor's decision"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *see also Gressett v. Contra Costa Cty.*, No. C-12-3798 EMC, 2013 WL 2156278, at *15 (N.D. Cal. May 17, 2013) (the plaintiff must "plead sufficient facts to hold each Individual Defendant liable for malicious prosecution").

Plaintiffs' amended complaint fails allege facts sufficient to show that each of the named defendants—Alameda County, the Alameda County Auditor-Controller Agency, the Alameda County Board of Supervisors, Nate Miley, Scott Haggerty, and Patrick O'Connell—"engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Awabdy*, 368 F.3d at 1067. With respect to Defendants Miley and Haggerty, Plaintiffs (1) quote a news article stating that "Scott Haggerty says he has spoken to the District Attorney's office about a criminal investigation into Dillard's involvement in allegedly bilking ACAP," and (2) allege that "Miley and Haggerty were both exerting political pressure upon the District Attorney's Office to find something for which Dillard could be prosecuted." (FAC at ¶ 18.) The "mere allegation" that Mr. Haggerty had a conversation with the District Attorney a year before Plaintiffs was charged does not plausibly suggest that the District Attorney brought the charges *because of* what Mr. Haggerty said. *See Bala v. Stenehjem*, 671 F. Supp. 2d 1067, 1096 (D.N.D. 2009) ("the mere allegation that former United States Attorney Wrigley met with law enforcement officials, state authorities, and the IRS does not suggest plausible illicit activity."). Similarly, the "bare allegation" that Mr. Miley and Mr. Haggerty were exerting political pressure on the District Attorney to bring charges is a conclusory statement that is "little more than a formulaic recitation of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *see also Riley v. City of Richmond*, No. C 13-4752 MMC, 2014 WL 1101036, at *2 (N.D. Cal. Mar. 18, 2014) (finding that "plaintiff's conclusory allegations that 'the case lacked probable cause for prosecution' [] and that defendants 'provided misinformation' to and 'concealed exculpatory evidence' from the prosecutor [], are insufficient as a matter of law").

Nor have Plaintiffs included specific allegations which tie Alameda County, the Alameda County Board of Supervisors, the Alameda County Auditor-Controller Agency, and Patrick

3

O'Connell to the alleged wrongful prosecution. Indeed, for Defendants the Alameda County Auditor-Controller Agency and Patrick O'Connell, the only allegation as to them has nothing do with the District Attorney and instead is that they "created a fraudulent accounting purporting to verify that ACAP lacked funds to go forward" so that Mr. Miley and Mr. Haggerty could dismantle ACAP and dismiss all its employees including Mr. Daniels. (FAC at ¶ 17.) Similarly, while there are numerous allegations with respect to Alameda County and the Alameda County Board of Supervisors, there are no allegations which tie these entities' actions to Plaintiffs' prosecution except for the allegation that an "Alameda County representative" threatened Ms. Dillard at the mediation of her Brown Act case that if she did not refund the settlement payment she and Mr. Daniels would be prosecuted. (FAC at ¶ 27.) This vague allegation that an unnamed Alameda County representative threatened Ms. Dillard does not plausibly support an inference that the Alameda County Board of Supervisors or Alameda County caused the District Attorney's Office to bring charges two weeks later—two months *before* the Brown Act case settled. (*Id.* at ¶ 29.)

Plaintiffs have therefore again failed to allege a plausible basis for liability as to any Defendant.

**2) Absence of Probable Cause**

"[A] plaintiff alleging a retaliatory prosecution must show the absence of probable cause for the underlying criminal charge. If there was probable cause, the case ends." *Lozman v. City of Riviera Beach, Fla.*, 138 S. Ct. 1945, 1952 (2018) (citing *Hartman v. Moore*, 547 U.S. 250, 265-66 (2006)); *see also Nieves v. Bartlett*, 139 S. Ct. 1715, 1726 (2019) ("It has long been "settled law" that retaliatory prosecution requires proving "the want of probable cause"). The same probable cause analysis applies to a section 1983 malicious prosecution claim. *See Awabdy*, 368 F.3d at 1066 ("to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause...'" (citation omitted)).

As a threshold matter, Plaintiffs insist that the probable cause determination is based on federal law rather than state law. The Court, however, already considered and rejected this argument in its prior order. Plaintiffs' suggestion that the Ninth Circuit meant something other

4

than what it said when it stated "[w]e look to California law to determine the legal effect of the state court's action because we have incorporated the relevant elements of the common law tort of malicious prosecution into our analysis under § 1983," *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004), is without support. And indeed, less than six months ago, the Ninth Circuit restated this rule in *Mills v. City of Covina*, 921 F.3d 1161, 1169 (9th Cir. 2019), cert. denied sub nom. *Mills v. Covina*, CA, No. 19-321, 2019 WL 5150535 (U.S. Oct. 15, 2019) (stating that "Federal courts rely on state common law for elements of malicious prosecution."). This Court is bound by the Ninth Circuit and Plaintiffs' reliance on the Eleventh Circuit's decision in *Blue v. Lopez*, 901 F.3d 1352 (11th Cir. 2018), is thus unpersuasive. Likewise, the Court squarely rejected Plaintiffs' argument that the Supreme Court in *Hartman* somehow overruled *Awabdy* and Plaintiffs have provided no reason to reconsider this holding. Accordingly, California law governs whether probable cause supports Plaintiffs' convictions.

"In California, as in virtually every other jurisdiction, it is a long-standing principle of common law that a decision by a judge or magistrate to hold a defendant to answer after a preliminary hearing constitutes prima facie—but not conclusive—evidence of probable cause." *Awabdy*, 368 F.3d at 1067 (collecting cases). A plaintiff can rebut a "finding of probable cause [] by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith." *Id*. Where, however, "a trier of fact after a fair adversary hearing reach[ed] a determination on the merits against the defendant in the prior proceeding" there is a "conclusive presumption of probable cause" and "the defendant in that proceeding may not thereafter institute an action for malicious prosecution, whether the matter was criminal or civil, even though he shows that the determination in question was reversed on appeal or set aside by the trial judge." *Cowles v. Carter*, 115 Cal. App. 3d 350, 358 (1981); *see also Norton v. John M.C. Marble Co*., 30 Cal.App.2d 451, 454-55 (1939) (holding that a conviction establishes probable cause). The only exception to this conclusive presumption is where the conviction is obtained by means of fraud or perjury. *Cowles*, 115 Cal. App. 3d at 358; *see also Plumley v. Mockett*, 164 Cal. App. 4th 1031, 1053 (2008) (collecting cases re: the same); Rest.2d Torts, § 667(1) ["The conviction of the accused by a magistrate or trial court, although

5

reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means"].).

Because Plaintiffs were convicted of some counts and acquitted of others, the Court must engage in separate analysis of each.

### a) Probable Cause for Convicted Counts

Plaintiffs were convicted of grand theft by false pretenses for unlawfully taking grant funds from DHHS (Count 2) and making a false account of public moneys by signing and sending false and inaccurate letters to DHHS (Count 3), and Ms. Dillard was separately convicted of preparing false and ante-dated documentary evidence by preparing a memoranda regarding the residency status of agency clients and an agenda of a seminar at a hotel (Count 6). (FAC, Ex. A, Dkt. No. 51 at 26.). Their convictions conclusively establish probable cause. *See Plumley*, 164 Cal. App. 4th at 1053 ("[V]ictory at trial. . . conclusively establishes probable cause to bring the underlying action"); *see also Cowles*, 115 Cal. App. 3d at 358; *Norton*, 30 Cal. App. 2d at 454-55. Thus, Plaintiffs can only show that these convictions lacked probable cause if they were obtained by fraud or perjury.

Plaintiffs advance two arguments.[2] First, Plaintiffs contend—as they did in response to the prior motion to dismiss—that the convictions are invalid or void because they violated the Supremacy Clause. However, Plaintiffs' argument that a reversal based on federal preemption eliminates the otherwise conclusive presumption of probable cause is not supported by the law. *See Plumley*, 164 Cal. App. 4th at 1052; *see also Cowles*, 115 Cal. App. 3d at 355 (1981) ("In the event the plaintiff in the prior action obtains judgment after trial, such judgment is, unless procured by fraud, conclusive proof that the proceedings were prosecuted with probable cause, ***notwithstanding the fact that the judgment is reversed on appeal***.") (emphasis added); *Norton*, 30 Cal. App. 2d at 454 ("a final judgment duly rendered after trial on the merits, in a court having complete jurisdiction, adverse to the defendant in the proceedings in which the judgment is rendered, is, unless procured by fraud which may be either extrinsic or intrinsic, conclusive proof

---

[2] Plaintiffs make no argument regarding Ms. Dillard's conviction on Count 6.

6

that the proceedings were prosecuted with probable cause, ***notwithstanding the fact that the judgment is reversed on appeal***.") (emphasis added).

Second, Plaintiffs insist that Defendants fraudulently manufactured the theft by false pretenses and making a false account of public moneys counts, both of which related to the use of the AFI grant funds. In particular, Plaintiffs allege that Mr. Ambrose "acting under directions from Haggerty, Miley, and the Alameda Board of Supervisors, refused to cooperate with DHHS to adjust the status of the AFI grant, and instead deliberately caused DHHS to issue a deficiency notice, so that the deficiency notice could be used as a tool to craft a state law theft cause of action against Dillard and Daniels, in violation of federal DHHS policies and federal regulations." (FAC at ¶ 21.) However, Plaintiffs do not dispute that they drew down the AFI grant fund or that they made a false accounting to DHHS; instead, Plaintiffs allege that Defendants—*after* the draw down and *after* their termination—refused to work with DHHS to fix the problems with the AFI grant despite the fact that DHHS's own internal operating procedures and the AFI grant regulations required the agency to "work with grantee ACAP to adjust accounting to bring the grant into compliance." (*Id.*) These allegations do not plausibly support an inference that the convictions related to Plaintiffs' use of the AFI funds were procured by fraud; indeed, according to the FAC, the trial judge excluded evidence "of the propriety of the county's interference with the federal Department of Health and Human Services' administration of its grant program." (*Id*. at ¶ 32.) What Defendants did *after* Plaintiffs committed the acts which led to their convictions does not plausibly support an inference that Plaintiffs' convictions were obtained by fraud.

### b) Probable Cause for Acquitted Counts

Plaintiffs were acquitted of two charges: (1) conspiracy to commit grand theft by false pretenses for submitting a false certification to DHHS (Count 1), and (2) using public moneys for a purpose not authorized by law; namely improperly using over $280,000 of funds intended for a DHHS grant program to fund agency payroll and other expenses (Count 4). (Dkt. No. 51 at 26.) Ms. Dillard was also acquitted of appropriating money for her own use by instructing employees to work on her personal residence at below-market rates and obtaining reimbursement for improper business expenses (Count 5). (*Id.*)

"In California, as in virtually every other jurisdiction, it is a long-standing principle of common law that a decision by a judge or magistrate to hold a defendant to answer after a preliminary hearing constitutes prima facie—but not conclusive—evidence of probable cause." *Awabdy*, 368 F.3d at 1067 (collecting cases re: same). "[A] plaintiff can rebut a prima facie finding of probable cause by showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith." *Id*. Thus, the question is whether Plaintiffs have alleged facts sufficient to support a plausible inference that their criminal prosecutions for Counts 1, 4, and 5 were induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith.

Plaintiffs' only argument with respect to Count 4 is that it is void because it violated the Supremacy Clause. The Court has already considered and rejected this argument, *supra*. With respect to Count 1, Plaintiffs allege that to induce the District Attorney to file this count "Defendants misled the District Attorney to believe that Paul Daniels had stolen a computer from ACAP, altered data, and then returned the computer to ACAP." (FAC at ¶ 30.) However, Count 1 was for conspiracy to commit grand theft by false pretenses for submitting a false certification to DHHS regarding the availability of non-federal match funds in a Citibank account. (Dkt. No. 51 at 25-26.) Plaintiffs offer no explanation as to how the false accusation that Mr. Daniels stole a computer led to Count 1 which related to the availability of funds in a Citibank account. Plaintiffs have thus not alleged facts that support a plausible inference that the Count 1 charge was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith.

As for Count 5, which charged Ms. Daniels with appropriating public money for her own use "by instructing employees to work on her personal residence at below-market rates and obtaining reimbursement for improper business expenses," (Dkt. No. 15-2 at 20), Plaintiffs allege "Defendants induced the District Attorney to file this meritless charge by supplying a reimbursement receipt that had been altered and then duplicated at the Alameda County Auditor-Controller Agency." (FAC at ¶ 30.) Aside from Plaintiffs' failure to identify any particular Defendant who supplied the receipt, they do not make any allegations regarding the receipt that

8

would support an inference that it was material to the charging decision. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007). Plaintiffs can rebut the prima facie showing of probable cause by alleging that "the criminal proceedings were initiated *on the basis of* the defendants' intentional and knowingly false accusations and other malicious conduct." *Awabdy*, 368 F.3d at 1067 (emphasis added); *see also Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002) ("a coroner's reckless or intentional falsification of an autopsy report that plays a material role in the false arrest and prosecution of an individual can support a claim under 42 U.S.C. § 1983"). Plaintiffs have not alleged facts that support a plausible inference that Ms. Dillard's prosecution on Count 5 was based on this unidentified falsified receipt.

Further, Count 5 was based on two acts: obtaining reimbursement for personal expenses, and Ms. Dillard instructing employees to work at her personal residence at below-market rates. While a receipt could conceivably be material to the prosecution of Ms. Dillard for the first act, it appears irrelevant to the second act. Indeed, when asked at oral argument what more Plaintiffs could allege as to this receipt if given leave to amend, Plaintiffs did not proffer any facts relevant to Ms. Dillard having employees work at her personal residence.

Plaintiffs' argument that the entire prosecution was tainted by fraud, corruption, and wrongful conduct because it was done so that Mr. Miley and Mr. Haggerty could "continue their corrupt practices," so that the County could obtain an insurance payment, and to punish Plaintiffs all goes to the why and not the how of the prosecution.[3] (Dkt. No. 55 at 17.) It is not enough in a malicious or retaliatory prosecution action to allege *why* the defendants might have wrongfully done something, plaintiffs must allege that the defendants' actions "were *instrumental* in causing the filing and prosecution of the criminal proceedings." *Awabdy*, 368 F.3d at 1068 (emphasis added). This Plaintiffs have not done.

\*\*\*

---

[3] Likewise, Plaintiffs' allegation that Defendants spoliated evidence prior to their trial by expunging ACAP's computer server such that they were "[un]able to obtain exculpatory evidence when Defendants moved forward with their plan to have them prosecuted" fails to allege what evidence was destroyed or how such evidence was material to their defense. (FAC at ¶ 23.)

Plaintiffs have again failed to plead facts sufficient to overcome the conclusive presumption of probable cause with respect to the convicted counts or the prima facie showing of probable cause with respect to the acquitted counts, and have failed to tie their allegations of wrongdoing to specific actions by any defendant let alone each defendant. The Court therefore dismisses the section 1983 claim. The dismissal is without leave to amend. The Court previously granted leave, and specifically advised Plaintiffs that they must allege facts that support an inference that each Defendant induced the allegedly wrongful criminal charge. Yet the amended complaint does not do so. Putting that deficiency aside, Plaintiffs also fail to allege any facts that tie any particular fraudulent conduct to the charges. While at oral argument Plaintiffs suggested that they could allege more about the unidentified receipt that somehow led to Count 5 against Ms. Dillard, the proffered allegations as to the receipt are unrelated to the charge that Ms. Dillard had employees work on her personal residence at below-market rates.

**CONCLUSION**

Plaintiffs' attempt to obtain compensation for the personal and financial hardship they have suffered as a result of their prosecution is understandable. The law, however, does not permit recovery merely because a defendant is acquitted or a conviction reversed; instead, compensation is permitted only when the prosecuted persons can prove that deliberate misconduct caused the prosecution. Plaintiffs are unable to allege facts to meet this burden.

For the reasons stated above, Defendants' motion to dismiss the section 1983 claim is GRANTED without leave to amend. The state law claims are dismissed without prejudice. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

This Order disposes of Docket No. 54.

**IT IS SO ORDERED.**

Dated: December 2, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge